# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BAILEY,<br>       Petitioner,<br>   v.<br>STATE OF CALIFORNIA, *et al.*,<br>       Respondents. | Case No. ED CV 10-0927 RGK (JCG)<br><br>ORDER REGARDING SUMMARY DISMISSAL FOR LACK OF JURISDICTION |

On May 14, 2010, petitioner Anthony Bailey ("Petitioner"), a California prisoner incarcerated at the California Institution for Men and proceeding *pro se*, filed a petition for writ of habeas corpus by a person in state custody ("Petition") in the Eastern District of California. On June 21, 2010, the action was transferred to the Central District of California. For the reasons discussed below, the Court hereby summarily dismisses the Petition without prejudice for failure to exhaust state court remedies.

## I.
## PROCEEDINGS

On or about February 22, 2010, Petitioner pled guilty to violating his parole (Cal. Penal Code § 3056). (Pet. at 2.) The Board of Parole Hearings ("Board") revoked Petitioner's parole and recommitted Petitioner to custody to serve seven months in state prison. (*Id.*) Petitioner expects to be released on August 19, 2010.

(*See id.*) Petitioner filed an appeal with the Board, challenging the time frame in which he received his "probable cause hearing." (*Id.* at 5.) Specifically, Petitioner claims that he did not receive his "probable cause hearing within 13 business days" as required under the Board's "Rights and Acknowledgment" form. (*Id.*) This same alleged violation is advanced in the instant Petition. (*Id.* at 2a, 3.)[1] Prior to filing the instant Petition, however, Petitioner did not seek recourse in the California state courts. (*See generally id.* at 5-6.)

## II.

## DISCUSSION

This case is controlled by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, a court may grant a petition for writ of habeas corpus with respect to a person incarcerated pursuant to a state court judgment only if "he is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), *and* "has exhausted the remedies available in the courts of the State[.]" *Id.* § 2254(b)(1)(A).

To satisfy the exhaustion requirement, a habeas petitioner *must* present his federal claims to the highest state court available, either on direct appeal or through collateral proceedings. *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003); *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002); *Roberts v. DiCarlo*, 296 F.Supp.2d 1182, 1186-87 (C.D. Cal. 2003). This standard applies to parole revocation hearings. *See Jacobson v. Warden*, 2008 WL 2055001, at *1- *3 (E.D. Cal. 2008), *report and recommendation adopted by* 2008 WL 2917180 (E.D. Cal. 2008) (prisoner challenging his parole revocation must present "the highest state court with the claim's factual and legal basis[]" before a federal court can entertain the claim); *Jackson v. California Dep't of Corrections*, 2010 WL 1266772, at *1 (N.D. Cal.

---

[1] The Court designates the page between 2 and 3 as page 2a.

2010) (The California Supreme Court must be "given a fair opportunity to rule on the merits of [petitioner's] claims concerning his parole revocation.").

In addition, "[t]o exhaust a federal claim in state court, a prisoner must 'give state courts a *fair* opportunity to act on [his] claims.'" *Sanders v. Ryder*, 342 F.3d 991, 998-99 (9th Cir. 2003), *cert. denied*, 541 U.S. 956 (2004) (italics and brackets in original) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*) ("exhaustion of state remedies requires that petitioners fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights") (internal quotation marks, alteration and citation omitted).

Here, Petitioner's only claim, challenging his parole revocation, is plainly unexhausted. Petitioner's claim has not been adjudicated by any California court, either on direct appeal or through collateral attack. (*See generally* Pet. at 5-6.) As a result, the Court lacks jurisdiction to consider the instant Petition. The California state courts must be afforded a full and fair opportunity to remedy any alleged constitutional violations. And while the Court is mindful of Petitioner's August release date and the lapse of time since this action was transferred to the Central District, the Court also cannot circumvent the mandate of AEDPA. *See Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001), *cert. denied*, 538 U.S. 949 (2003) (where petition contained no exhausted claims, the district court was "obliged to dismiss [the petition] immediately") (internal quotation marks and citation omitted). Accordingly, the Court will dismiss the instant Petition without prejudice to Petitioner filing a new action, if he so chooses, after he exhausts his state court remedies.[2]

---

[2] After Petitioner exhausts his state court remedies, he can file a new petition for writ of habeas corpus. He should *not* file an amended petition in this action nor

Based on the foregoing, IT IS ORDERED that Petitioner's action is **DISMISSED WITHOUT PREJUDICE**. Judgment shall be entered accordingly.

DATED: JUL 29 2010, 2010.

R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

---

should he use the case number from this action because the instant action is being closed today. When Petitioner files a new petition, the Court will give the petition a new case number.